UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
               :
RECAST ENERGY LOUSVILLE, LLC,  :
               :
           Plaintiff,  :
               :         24-CV-8833 (VSB)
        -against-  :
               :         **ORDER**
SOMPO AMERICA INSURANCE  :
SERVICES, LLC, *et al.*,  :
               :
           Defendants.  :
               :
-------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

      Plaintiff filed an amended complaint on December 30, 2024, (Doc. 16), and filed affidavits of service of Defendants Zurich American Insurance Company, Liberty Surplus Insurance Corporation, and Sompo America Insurance Services LLC on January 31, 2025, (Docs. 19–21). Plaintiff has not filed an affidavit of service of Defendant Tokio Marine America Insurance Company ("Tokio Marine") for the amended complaint. The deadline for Defendants Liberty Surplus Insurance Corporation and Sompo America Insurance Services LLC to respond to Plaintiff's amended complaint was February 4, 2025. The deadline for Defendant Zurich American Insurance Company was February 7, 2025. To date, Defendants Zurich American Insurance Company, Liberty Surplus Insurance Corporation, and Sompo America Insurance Services LL have not appeared or responded to the amended complaint. Plaintiff, however, has taken no action to prosecute this case. Accordingly, it is hereby:

      ORDERED that, no later than February 17, 2025, Plaintiff file an affidavit of service of Defendant Tokio Marine showing timely service. If Plaintiff has not timely served Defendant Tokio Marine, then, no later than February 17, 2025, Plaintiff shall submit a letter of no more than three (3) pages, supported by legal authority, demonstrating good cause as to why Plaintiff's

claims against Defendant Tokio Marine should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).  "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control."  *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (internal quotation marks omitted).  "District courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay."  *Id.* (internal quotation marks omitted).  "An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause."  *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997) (citing *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir.1991), *aff'd*, 173 F.3d 844 (2d Cir. 1999)).  Plaintiff is warned that failure to submit a letter and to demonstrate good cause for failure to serve Defendant Tokio Marine within ninety days after the complaint was filed will result in dismissal of this action.

      IT IS FURTHER ORDERED THAT, if Plaintiff intends to seek a default judgment regarding Defendants Zurich American Insurance Company, Liberty Surplus Insurance Corporation, and Sompo America Insurance Services LLC, Plaintiff is directed to do so in accordance with Rule 4(H) of my Individual Rules and Practices in Civil Cases by no later than February 28, 2025.  If Plaintiff fails to do so or otherwise demonstrate that Plaintiff intends to prosecute this litigation, I may dismiss this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

Dated:    February 11, 2025
             New York, New York

                                            VERNON S. BRODERICK
                                            United States District Judge